| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br>RUPERT WALKER,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>GOLDEN KRUST PATTIES, INC.,<br>MARILYN'S PATTIES, INC., and<br>MARILYN BULLOCK,<br><br>　　　　　　　　　　　Defendants.<br>----------------------------------------------------------X | **FILED**<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br><br>★  MAY 04 2009  ★<br><br>BROOKLYN OFFICE<br><br>**COMPLAINT AND**<br>**JURY DEMAND**<br><br>No.<br>**09    1839**<br><br>GLEESON, J.<br>J. ORENSTEIN, M.J. |

## INTRODUCTION

Plaintiff RUPERT WALKER files this Complaint against GOLDEN KRUST PATTIES, INC., MARILYN'S PATTIES, INC., and MARILYN BULLOCK for their violations of the Fair Labor Standards Act and New York State Labor Law.

1.　Defendants GOLDEN KRUST PATTIES, INC., MARILYN'S PATTIES, INC., and MARILYN BULLOCK have required and permitted Plaintiff to work, yet failed to pay him for all hours worked in a workweek, and failed to pay him wages and overtime for such hours above 40 in a workweek.

## NATURE OF THE ACTION

2.　Plaintiff worked as a cook for Defendants and is: (i) entitled to unpaid wages from Defendants for work all hours worked as well as for overtime work for which he did not receive wages, or overtime premium pay, as required by law, and (ii) entitled to liquidated damages under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the New York State Labor Law.

1

3. Plaintiff further complains that he is entitled to back wages from Defendants for all hours worked by him as well as for overtime work for which he did not receive wages or overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA under 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff, Rupert Walker, is an adult individual, residing in Queens County, New York.

9. During the relevant time period Plaintiff was employed by Defendants as a cook at one of their facilities within this District.

10. Upon information and belief, Defendant GOLDEN KRUST PATTIES, INC. is a for-profit New York corporation, with its principal place of business at 3958 Park Avenue, County of Bronx, State of New York.

11. Upon information and belief, Defendant MARILYN'S PATTIES, INC. is a franchise of GOLDEN KRUST PATTIES, INC., with its principal place of business at 90-58 Sutphin Blvd, Jamaica, County of Queens.

12. Upon information and belief, Defendant MARILYN BULLOCK is an individual resident of the State of New York, County of Nassau.

13. Upon information and belief, Defendant MARILYN BULLOCK, is the Chief Executive Officer of Defendant MARILYN'S PATTIES, INC., and one of the individuals charged with setting employment policies and authorizing payment to employees for hours worked for Defendant MARILYN'S PATTIES, INC.

14. Defendants are all doing business in New York, including Kings, Queens, Bronx, and New York Counties.

15. Plaintiff has worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by him as well as overtime compensation as required by federal and state laws.

## STATEMENT OF FACTS

16. Upon information and belief, at all relevant times, Defendants have been the largest cooks, sellers, and distributors of Jamaican food, including Jamaican meat patties, in New York State.

17. At all relevant times, Defendant MARILYN'S PATTIES, INC. bakes and distributes Jamaican food, including meat patties, using its Golden Krust bakery outlets.

3

18. Defendant GOLDEN KRUST PATTIES, INC., with many locations within the State of New York and within this judicial district, is one of the entities that Defendant MARILYN'S PATTIES, INC. uses to distribute and sell its Jamaican food.

19. Starting in or about August 2002 until in or about February 2009, Plaintiff was employed as a cook by Defendants at one or more of their facilities in Queens County. In this position, Plaintiff was classified as a non-exempt employee, entitled to overtime premium pay.

20. Plaintiff's work was performed for the benefit of the Defendants, in the normal course of the Defendant's business, and was integrated into the business of the Defendant.

21. Although Plaintiff often worked in excess of 40 hours a week, Defendants willfully failed to pay Plaintiff for all hours worked by him, as well as failing to pay him overtime compensation of one-and-one-half times his regular rate of pay in violation of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

22. Upon information and belief, throughout all relevant time periods, while Defendants employed Plaintiff, Defendants failed to maintain accurate and sufficient time records.

23. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

24. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 23 as if they were set forth again herein.

25. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(r), 206(a) and 207(a).

26. During relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

28. Plaintiff consents in writing to be a party to this action, under 29 U.S.C. §216(b).

29. At all relevant times, Defendants have had a policy and practice of refusing to pay for all hours worked, refusing to pay overtime compensation to its cooks, for hours worked in excess of forty hours per workweek.

30. As a result of Defendants' willful failure to compensate its employees, including Plaintiff, for all hours worked by them, and its failure to pay him at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

31. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

32. Throughout all relevant time periods, upon information and belief, Defendants failed to post or keep posted a notice explaining overtime pay rights provided by the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

34. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid wages for all of the hours worked by him, his overtime compensation, an additional, equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

35. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 34 as if they were set forth again herein.

36. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL §§ 2 and 651.

37. Defendants willfully violated Plaintiff's rights by failing to pay him for all hours worked, and failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the NYLL and its regulations.

38. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

39. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, and reasonable attorneys' fees and costs and disbursements of the action, under New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages for all hours worked and overtime compensation due under the FLSA and the NYLL;

d. An award of liquidated damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation under 29 U.S.C. § 216 and the NYLL;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
May 4, 2009

By: *Brian L. Bromberg*
Brian L. Bromberg
One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg
Bromberg Law Office, P.C
40 Exchange Place
New York, New York 10005
(212) 248-7906

Philip Katz, Esq.
Fink & Katz, PLLC
40 Exchange Pl., Suite 2010
New York, NY 10005
(212) 385-1373