**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
**RUPERT WALKER,**

                      Plaintiff,

        - against -

**GOLDEN KRUST PATTIES, INC., et al.,**

                      Defendants.
----------------------------------------------------------X

**ORDER**

09-CV-1839 (JG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

A.    <u>Facts</u>

    1.    On August 6, 2009, after hearing argument about certain discovery disputes, I entered the following order:

With respect to the plaintiff's request for discovery of video surveillance recordings made at the plaintiff's former place of employment, I ruled as follows:

    a.    No later than August 20, 2009, the defendants will submit an affidavit describing (i) their usual practices in creating, maintaining, and recycling such recordings (including information about the length of time such recordings have normally been kept before being recycled), (ii) the extent to which recordings made prior to July 30, 2009 remain in existence, and (iii) the steps taken on or after July 29, 2009, to preserve such recordings for purposes of this litigation.

    b    No later than August 20, 2009, the defendants will disclose copies of any such recordings made prior to July 30, 2009, to the plaintiff; provided however, that the requirement to make such production will be stayed pending the resolution of any review of this order pursuant to Federal Rule of Civil Procedure 72.

    c.    The foregoing rulings are without prejudice to the right of the defendants to seek an order requiring the plaintiffs to bear the reasonable costs associated with such discovery, notwithstanding the usual rule that each party should bear its own costs.

Docket Entry ("DE") 22 (the "August Order").

2. The defendants did not submit the affidavit required by the August Order, did not make the disclosures required by the August Order, and did not, within the period for compliance, file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) seeking the shifting of discovery expenses.

3. On September 9, 2009, the plaintiff filed a motion to compel discovery and to sanction the defendants for their failure to provide the discovery I had previously ordered. DE 24.

4. At the time the motion was filed, a status conference had already been scheduled for September 16, 2009. *See* DE 15; DE 22.

5. In a joint status report submitted on September 15, 2009, the afternoon before the status conference, the defendants' counsel requested a ten-day adjournment of the conference and cited a variety of personal circumstances that had prevented him from attending to his duties and accordingly requested "another ten days to comply with the court's orders regarding discovery[.]" DE 26 at 4. Counsel went on to assert that he "expect[ed] to be prepared to provide plaintiff with the materials they [sic] are *entitled* to by next Tuesday, September 22, 2009" and that his request for additional time was designed "only to allow a grace period for *certain* production." *Id*. at 4 (emphasis added).

6. I granted the request to adjourn the status conference. I further ordered as follows:

> If, by the date of the next conference, counsel for the defendants has continued to be unable for personal reasons to assist his clients in discharging their discovery obligations, I will require the individual defendants to appear personally with their current counsel of record to address the question of whether they wish to continue to be represented by an attorney laboring under such personal burdens and risk discovery sanctions that may result in a default judgment against them or instead seek additional or replacement counsel who will be able to assist them in the timely completion of the discovery process.

Order dated September 15, 2009.

7. On the afternoon of September 30, 2009, shortly before the start of the status conference, the defendants filed a motion for a protective order. DE 33.

8. The individual defendants did not appear at the conference on September 30, 2009. At that conference, after hearing argument on the pending discovery disputes, including the defendants' motion for a protective order as well as the

       plaintiff's renewed request for sanctions, I filed a minute order that included the following rulings:

        1.    [Omitted]

        2.    The defendants will complete the production of the video tapes I previously ordered them to disclose no later than October 5, 2009.

        3.    The defendants' motion for a protective order, DE 33 , is denied. The parties will confer with regard to the defendants' concern that some document requests are too broad, but in the absence of a protective order concerning specific aspects of specific requests, the defendants must complete production of all documents responsive to the outstanding requests no later than October 21, 2009. By the same date, the defendants must verify their interrogatory responses. In addition, if they have not already done so, the defendants must respond to all outstanding requests for admissions by the same date.

        4.    [Omitted]

        5.    In all other respects, I denied the various motions for sanctions.

       DE 34 (the "September Order").

9.    The defendants did not make the disclosures required by the September Order, and did not provide the verifications of interrogatory responses required by the September Order.

10.    On December 14, 2009, the plaintiff again moved to compel discovery and for the imposition of sanctions. DE 35.

11.    In response, on December 15, 2009, the defendants's counsel cited "unexpected commitments to the United States Court of Appeals[,]" as a result of which he "would be delayed until December 21,2009 in responding to [the plaintiff's] discovery requests." DE 36 at 1.  Counsel went on to request an opportunity to speak with opposing counsel "this week and arrange *for all of the materials plaintiff's counsel requests to be delivered*." *Id*. (emphasis added).

12. I then entered the following order:

> The parties' respective attorneys shall appear before me on December 21, 2009 at 11:00 a.m. The parties' submissions on the pending motion make plain the fact that the defendants have thus far violated not only their discovery obligations to the plaintiffs but also my order of September 30, 2009. If, as of the start of the next conference, the defendants have not yet produced all information and records responsive to all outstanding discovery requests and orders of compulsion, I will grant the plaintiff's request at least in part and the sole issue to be discussed at the conference will be the selection of the most appropriate sanction, from within the range prescribed in Rule 37, for the defendants' failure to discharge their discovery obligations and prior court orders in this case.

Order dated December 16, 2009.

13. On December 18, 2009, the defendants' counsel requested an adjournment of the next conference and requested "an extension of time *to comply* with the defendant's [sic] discovery requests to December 23, 2009." DE 38 (emphasis added). Two paragraphs later in the same letter, the defendants' counsel asked to have until December 24, 2009, "to submit the responses to the plaintiff's discovery requests." *Id*.

14. At the defendants' request, I adjourned the conference to December 23, 2009. Order dated December 18, 2009.

15. Upon the conclusion of the conference on December 23, 2009, I entered the following order:

> 1. After giving the defendants an opportunity to be heard as to an appropriate sanction for their continued failure to comply with their discovery obligations and my prior orders compelling production, I ordered as follows:
>
>    a. The defendants shall reimburse the plaintiff for all costs, including attorneys' fees, arising from the motion to compel discovery and subsequent efforts to enforce compliance with my orders. The plaintiff shall promptly serve a bill of costs and file proof of service on the docket. No later than 14 days after service, the defendants shall either pay the amount charged or file objections to specific amounts.

> b. The defendants shall produce all outstanding discovery by December 30, 2009. Failure to comply will result in further sanctions, which may include the preclusion of evidence or defenses, or a recommendation that the court enter a default judgment.
>
> 2. At the next conference [scheduled for January 5, 2010], if any discovery remains outstanding, I will allow the defendants to be heard as to the appropriate sanction. Further, regardless of the status of discovery, I direct the individual defendants to appear in person, along with their counsel, so that I may explicitly warn them that further failure to discharge their discovery obligations or comply with court orders may result in the entry of a default judgment against them. To further ensure that the defendants are adequately advised of their risk, I direct the defendants' counsel to provide a copy of this minute order to each of his clients in this case, and to file proof of such service on the docket no later than December 28, 2009.

DE 39 (the "December Order").

16. Later that same day, the defendants moved for reconsideration of the December Order. In particular, their counsel advised that the order was "unconscionable and cannot be met." DE 41 at 1. The defendants allowed, however, that they could "meet several of the demands of the order by January 5, 2010." *Id*. Specifically, the defendants asserted that they had already provided verification of the interrogatory responses, and that they could provide the documents by January 5, 2010. With respect to the production of video recordings, the defendants asserted that compliance would be "impossible." *Id*. at 2. The defendants further requested extra time to file objections to the portion of the December order that directed them to reimburse the plaintiff's costs. *Id*.

17. In response to the motion for reconsideration, I entered the following order:

> I disagree with the defendants' contention that providing the discovery at issue by December 30, 2009, is "unconscionable[.]" [DE] 41 . The defendants have been under an obligation to produce such discovery for several months, and have failed to discharge that obligation. Nevertheless, on reconsideration, I will amend my earlier order so as to require the defendants to produce all outstanding discovery, without qualification, no later than January 4, 2010 (not January 5, 2010, as requested by the defendants, as I want to ensure that the parties are in a position to discuss the extent

>of compliance at the conference scheduled for January 5, 2010, at
>1:30 p.m.). In all other respects, I deny the motion for
>reconsideration. To the extent that the defendants request an extra
>two days to prepare the extensive briefing necessary to seek review
>of my order, I grant the request: any objection to my minute order
>of December 23, 2009, docket entry 39 , as modified by the instant
>order on the defendants' motion for reconsideration, shall be filed
>no later than January 8, 2010.

Order dated December 23, 2009.

18. As of December 29, 2009, Mr. Mitchell had not filed proof on the docket that he provided a copy of the December Order to his clients.

19. On January 4, 2010, the defendants' counsel filed a motion seeking an adjournment of the date for compliance until January 8, 2010. Specifically, they asserted that they had "organized [their] response to the plaintiff's discovery demands[,]" and that they "are willing to do everything they can to comply with the court's order and produce the materials requested by the plaintiff." DE 43 at 1. However, they again maintained that production of the videos was "impossible," and complained that the plaintiff should pay for any copying of documents. *Id*.

20. I denied the motion and ordered as follows: "The defendants shall produce discovery as previously directed, and they remain free to seek the reimbursement of some or all of the costs of such production to the extent warranted under applicable law."

21. At the conference on January 5, 2010:

   a. Individual defendants Marilyn Bullock and Roger Bullock did not appear as required. Their son, who is neither a party to this case nor counsel of record, sat at counsel table with their attorney.

   b. Mr. Mitchell stated that he had informed the individual defendants of the contents of the December Order but acknowledged that he had not filed proof of service on the docket.

   c. The parties agreed that, as of the time of the conference, the defendants had not yet produced the documents or video recordings that I had ordered disclosed in the August Order, the September Order, and the December Order.

        d.        The parties disagreed as to the status of the verification of the defendants' interrogatory responses: the defendants' counsel asserted that he had provided a verification but was unable to provide any documentary support for that assertion, and the plaintiff's counsel asserted that they had not received any such verification.

B.      <u>Orders</u>

    1.    Pursuant to Title 28, United States Code, Section 636(e)(6), I certify all of the facts set forth in Part A of this Order. In light of those facts, and in particular the facts relating to the issuance of the December Order and the failure to comply with that order on the part of the individual defendants and their counsel, I order Marilyn Bullock, Roger Bullock, and Stephen Mitchell to appear in person before the Honorable John Gleeson, United States District Judge, on January 15, 2010, at 12:00 noon, in Courtroom 6C South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, to show cause why each should not be adjudged in civil contempt of a lawful court order dated December 23, 2009, by reason of the facts so certified.

    2.    In light of the facts certified above, I have exercised my authority pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) to order that the defendants shall be prohibited from asserting or introducing into evidence any proof that the plaintiff is exempt from the protection of the Fair Labor Standards Act.

    3.    I order the defendants' counsel of record to provide a written copy of this Order to Marilyn Bullock and Roger Bullock, and to file proof that he has done so on the electronic docket no later than January 8, 2010.

                **SO ORDERED.**

Dated:            Brooklyn, New York
      January 5, 2010

                                                /s/ James Orenstein
                                                JAMES ORENSTEIN
                                                U.S. Magistrate Judge